UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| Clifford Martin, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>Life Insurance Company of North America, )<br>)<br>and )<br>)<br>Jason Incorporated Salaried Long Term Disability )<br>Plan, )<br>)<br>Defendants. ) | Case No. 2:21-cv-4137 |

# COMPLAINT

1. The Plaintiff, Clifford Martin, by and through the undersigned counsel, Talia Ravis, files this Complaint against Defendants Life Insurance Company of North America (hereinafter "LINA"), and Jason Incorporated Salaried Long Term Disability Plan (hereinafter "the Plan").

2. This arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. The Court has jurisdiction over this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Clifford Martin brings this action to enforce his rights under ERISA as authorized by 29 U.S.C. §1132 (a)(1)(B).

3. The Plaintiff, Clifford Martin, has at all times material hereto, been a citizen of Benton County, Missouri.

4. Plaintiff is informed and believes that Defendant LINA is a Pennsylvania for-profit corporation doing business in Johnson County, Missouri. Therefore, pursuant to 29 U.S.C. §1132(e)(2), venue is proper in this judicial district.

5. LINA issued the Plan, Group Long Term Disability Policy Number VDT-960872, to Plaintiff's former employer, Jason Incorporated, for the benefit if its employees, agreeing to pay Plaintiff, as a participant of the Plan, long-term disability ("LTD") benefits in the event he became disabled and unable to work.

6. The Plan is a group long-term disability employee benefit plan that provides LTD benefits to participants of the Plan in the event they become disabled on a long-term basis. The LTD benefit pays a portion of the employee's former salary. The benefit is payable as long as the participant remains totally and permanently disabled, through the later of the Employee's Normal Retirement Age under the 1983 amendments to the Federal Social Security Act and the participant's 65th birthday, or the date the 42nd Monthly Benefit is payable, if later.

7. LINA actually insures the LTD coverage to Jason Incorporated employees.

8. LINA is the payor of benefits under The Plan.

9. LINA processed and terminated Plaintiff's LTD claim.

10. LINA has a financial interest in Plaintiff's LTD claim.

11. LINA has a conflict of interest in Plaintiff's LTD claim.

<u>**FACTUAL ALLEGATIONS**</u>

1) **Vocational Information**

12. Plaintiff began employment with Jason Incorporated in December of 2014.

13. Plaintiff worked as a Maintenance Mechanic for Jason Incorporated. In this position, Plaintiff's primary purpose was troubleshooting complex problems that require multi-disciplinary expertise to evaluate mechanical systems and components for proper use and application, and diagnosing and repairing interrelated deign or compatibility problems. This role also involved a number of additional duties and responsibilities, including:

- Basic machining and fabrication projects;
- Modifying and installing equipment;
- Ability to work within the Safety guidelines;
- Ability to work the required hours of the department including overtime;
- Ability to have flexibility in work schedules and be willing and able to work any of the three shifts; and
- Responsible for other duties as assigned by the Supervisor.

**2) Definition of "Disability/Disabled" under the subject LTD policy.**

14. According to the terms of the subject LTD policy, the definition of disability/disabled is as follows:

*"Definition of Disability/Disabled*

*The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*

*1. unable to perform the material duties of his or her Regular Occupation; and*
*2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.*

*After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*

*1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and*
*2. unable to earn 60% or more of his or her Indexed Earnings."*
[LTD Plan, Page 5]

*It should be noted, "Material Duties" and "Any Occupation" is not defined in the long term disability plan.

### 3) Medical Information Supporting Plaintiff's Total Disability.

15. In September of 2017, Plaintiff was forced to stop working as a Maintenance Mechanic for Jason Incorporated due to the disabling effects of severe and significant lower lumbar spine degenerative disc disease, ankylosis spondylitis of the SI joints with chronic sclerosis, bilateral hip osteoarthritis, lower lumbar spondylosis, sacroiliitis with fused joints, arthrosis of the pubic symphysis, seronegative spondyloarthropathy, arthralgia of multiple joints, severe atherosclerotic vascular disease with significant vascular calcifications, peripheral vascular disease, coronary artery occlusion, significant coronary artery calcifications, ischemic cardiomyopathy, femoral bruit, hypertension, hyperlipidemia, obesity, and Type-2 diabetes mellitus with other circulatory complication without long-term current use of insulin (HCC). As a result of these conditions, Mr. Martin suffers from severe neck and low back pain, joint pain, fatigue, restricted range of motion in his hips, limited range of motion of the C-Spine and neck, morning stiffness that can last for hours, knee pain, thigh pain, and pain in his calves with walking; and an overall lack of mobility.

16. Mr. Martin, together with his physicians, has attempted to treat his disabling conditions with medications, injections, referrals to specialists, cardiac testing, heart catherization, and complete occlusion of his right coronary, but nothing has provided him with enough relief to return to work.

17. Plaintiff's physicians have consistently held that he has remained totally disabled from performing the material duties of his regular occupation or any occupation since he was

forced to stop working in September of 2017, and that he continues to remain totally and permanently disabled today.

    **4) LTD Claim Information Under the Plan.**

18. In September of 2017, Plaintiff was no longer able to work due to the severity of his conditions.

19. Plaintiff applied for and was approved short-term disability benefits from September of 2017 through February of 2018.

20. Plaintiff applied for LTD benefits under the Plan in March of 2018.

21. In a letter dated April 17, 2018, LINA approved Plaintiff's claim for LTD benefits, acknowledging that Plaintiff is disabled from performing the material duties of his regular occupation.

22. Then, in a letter dated March 12, 2020, LINA abruptly terminated Plaintiff's claim for LTD benefits.  In the termination letter, LINA alleged that Plaintiff could return to sedentary work in any occupation.

23. In February of 2021, with the help of undersigned counsel, Plaintiff appealed the decision to terminate his LTD claim.

24. As part of Plaintiff's appeal, Plaintiff submitted to LINA evidence supporting the fact that his conditions are permanent and have not improved in any way, including updated medical records showing continuous treatment for his conditions and Plaintiff's Social Security Disability Award letter.

25. In April of 2021, Mr. Martin received a letter from LINA dated April 7, 2021, preemptively upholding the benefit denial. The April 7 letter explained that the denial was being upheld on appeal based on the conclusions of LINA's hired medical record

reviewer (Dr. Shepard), and a transferrable skills analysis report. The letter offered Plaintiff's physicians the opportunity to respond to the report.

26. In response, on May 3, 2021, the undersigned submitted two letters from Plaintiff's treating physicians. In both letters, Plaintiff's treating physicians disagreed with and disputed Dr. Shepard's conclusions.

27. In a letter dated June 8, 2021, LINA upheld the termination of Plaintiff's LTD benefits, once again citing Dr. Shepard's findings, and offered Plaintiff another opportunity to respond to its medical review. The letter also alleged that Dr. Shepard had called and left messages for Plaintiff's treating physicians, but did not get a call back.

28. In response, on the same day, Plaintiff submitted a letter to LINA from Plaintiff's treating physician (Dr. Smith), explaining that Dr. Shepard had contacted Dr. Smith for a peer-to-peer discussion, but when Dr. Smith tried to call her back, he was told that the claim "had already been sent back to insurance" and that Dr. Shepard no longer needed to speak with him.

29. In a letter dated June 23, 2021, LINA preemptively upheld its termination of Plaintiff's LTD claim for a third time, again citing Dr. Shepard's conclusions.

30. On June 23, 2021, the undersigned wrote a letter to LINA, requesting that LINA issue a final determination, indicating that Plaintiff had submitted all information he intended to submit in support of his appeal.

31. In a letter dated June 24, 2021, LINA upheld its final denial of Plaintiff's LTD benefits, rendering Plaintiff's claim ripe for litigation under ERISA.

32. The medical information in LINA's claim file establishes that Plaintiff was entitled to receive long-term disability benefits under the Plan for the entire duration of the benefit period.

33. Plaintiff's physicians have consistently and continually reported to LINA that Plaintiff continues to be totally disabled from any occupation.

34. Plaintiff provided significant proof of disability. Despite this proof, Defendants refused to pay Plaintiff his disability benefits.

35. In determining Plaintiff's LTD benefits, LINA acted as a fiduciary in the administration of Plaintiff's claim.

36. LINA, acting under a conflict of interest, breached its fiduciary duties set forth in ERISA §404, 29 U.S.C. §1104, in failing to act for the exclusive benefit of Plaintiff and in failing to act in accordance with the terms of the Plan.

37. Plaintiff has exhausted his administrative remedies.

## CLAIMS FOR RELIF

### COUNT 1: Wrongful Termination of Long Term Disability Benefits.

38. The foregoing paragraphs are hereby re-alleged and are incorporated herein by reference.

39. From September of 2017 until the present, Plaintiff has remained unable to perform the material duties of his regular or any occupation.

40. Plaintiff has provided the Defendants with substantial evidence verifying his total disability and eligibility for continued LTD benefits under the Plan.

41. Plaintiff's physicians have reported that he is unable to work due to the seriousness of his conditions.

42. Defendants have wrongfully terminated Plaintiff's claim for long-term disability benefits in violation of the Plan and ERISA.

43. Defendants have breached the Plan and violated ERISA by failing to pay disability benefit payments to Plaintiff at a time when the Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan.

44. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully terminated his LTD benefits under the Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

45. Following the termination of benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA and/or demonstrated by Defendant's actions herein, attempts to pursue further administrative remedies would have been futile.

46. Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plan.

47. As a proximate result of the aforementioned wrongful conduct of LINA and The Plan, Plaintiff has damages for loss of LTD benefits in a total sum to be shown at time of trial.

48. The wrongful conduct of LINA and The Plan has created uncertainty where none should exist; therefore, Plaintiff is entitled to enforce his rights under the terms of The Plan.

49. Defendant LINA abused its discretion by wrongfully terminating Plaintiff's LTD benefits.

50. By terminating Plaintiff's claim despite a plethora of evidence supporting his eligibility for benefits under The Plan, Defendants terminated Plaintiff's claim in bad faith.

WHEREFORE, the Plaintiff, Clifford Martin, requests that this Honorable Court enter Judgment:

A. Finding that Clifford Martin is entitled to LTD benefits and order the Defendants to pay all past due benefits and pay for future monthly benefits as they become due.

B. Award the Plaintiff interest in the amount of past due benefits; which remain unpaid.

C. Award Plaintiff his attorney's fees and costs.

D. Awarding all other relief as may be just and appropriate.

Dated: July 16, 2021

        /s/Talia Ravis
Talia Ravis
MO Bar No. 58366
Law Office of Talia Ravis, PA
9229 Ward Parkway, Suite 370
Kansas City, Missouri 64114
816-333-8955 (tel)
1-800-694-3016 (fax)
talia@erisakc.com
ATTORNEY FOR PLAINTIFF